302    APPELLATE COURTS OF ILLINOIS.

Supreme Lodge O. of M. P. v. Eckhardt et al., 197 Ill. App. 302.

## Supreme Lodge Order of Mutual Protection, Complainant. Anna E. Eckhardt, Appellee, v. Pauline Eckhardt and Beulah Eckhardt, Appellants.

### Gen. No. 21,343.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

### Statement of the Case.

Interpleader by the Supreme Lodge Order of Mutual Protection against Pauline Eckhardt, Beulah Eckhardt and Anna E. Eckhardt, claimants, to a fund admitted to be due by said Lodge Order under a benefit certificate issued to Charles W. Eckhardt. From the decree entered on the bill awarding the fund to Anna E. Eckhardt, Pauline Eckhardt and Beulah Eckhardt appeal.

In the original benefit certificate Beulah Eckhardt, then the wife of Charles, was named as the beneficiary. In March, 1913, Beulah brought suit for divorce in the Chancery Court of Shelby county, Tennessee, charging desertion. Defendant was served and appeared by counsel. After hearing, a decree of divorce was entered finding that the court had jurisdiction and that complainant had sustained her charges by evidence, and ordering defendant to pay complainant, $1,000 in full of alimony, which was paid. No appeal was taken and the decree is still in force. Subsequently Charles Eckhardt married Anna Marley, the other claimant herein.

Under the laws of the Lodge Order a member had the right at any time to change his beneficiary, and after his marriage to Anna, Charles surrendered his original certificate, and a new certificate was issued

Chicago—First District—January, 1916.    303

Frick-Reid Supply Co. v. Consolidated Adjust. Co., 197 Ill. App. 303.

in which Anna Eckhardt was named as beneficiary. The fund which is the subject-matter of this litigation arises from the payment of this last certificate.

Albert H. Fry, for appellants.

Robert Van Sands, for appellee Anna E. Eckhardt.

Mr. Presiding Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

Estoppel, § 71*—*when one invoking jurisdiction estopped to deny it.* The jurisdiction of a court of a suit for divorce cannot be questioned in a subsequent proceeding by the party at whose request and upon whose testimony as to jurisdiction of facts such court found that it had jurisdiction, especially where such party has received the benefits of the divorce litigation and rights of others have accrued thereunder, it being immaterial whether the adjudication in the divorce litigation was procured through misrepresentation of facts or misrepresentation of the law.

---

## Frick-Reid Supply Company, Appellee, v. Consolidated Adjustment Company, Appellant.

### Gen. No. 21,350.

1. Judgment, § 672*—*when transcript of judgment insufficient to show jurisdiction in an action in foreign State.* In an action in Illinois on a judgment rendered against an Illinois corporation in a foreign State, it is error to admit in evidence a transcript of such judgment, where it not only does not show either directly or by implication that defendant was transacting business in such foreign State, but the petition in the action in such State alleges defendant to be an Illinois corporation having its principal office and place of business in Illinois and maintaining no office or place

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.